Lott, S.
This is an application for letters of administration of the goods, chattels and credits of one Charles Sherman Taylor, deceased. The application was made by a creditor of said deceased, and the public administrator of Kings county was cited upon such application.
Upon the return day of the citation one Harry P. Taylor, a son and sole next of kin of said intestate, filed his petition in the court, praying that letters of administration. issue to him,
The dispute herein lies between said Harry P. Taylor and the public administrator, each of whom! claims to have the prior right to letters of administration.
The facts conferring jurisdiction upon this court'to grant letters of administration to either of said applicants are as foHows:
Said Charles Sherman Taylor, the intestate, was, at the time of his decease, a resident of the county of Kings. He left him surviving no widow, and as his only next of kin his said son, Harry P. Taylor, who is not a resident of the state of New York.
The property of intestate consisted of certain bonds, stocks and other securities of the value of about $12,000, which, at the time of his decease, and at the time of the application herein, were still in a box in a safe deposit company of the city of New York, where they had been placed by the intestate in his lifetime.
By chapter 335 of the Laws of 18U, creating the office of public administrator in Kings county, and conferring au *178 thority upon him to act as administrator in certain cases, as amended by chapter 124 of the Laws of 1882, it is provided:
“Such public administrator shall have the prior right and authority to administer upon the goods, chattels, personal estate and debts of persons dying intestate. * * * in the following cases:
“First. Whenever- such-person shall die leaving any assets or effects in the county of Kings, and there shall be no widow, husband or next of kin, entitled to have distributive share in the estate of said intestate, resident in the state, entitled, competent or willing to take out letters, of administration on such estate.”
It is contended by counsel for the non-resident next of kin of intestate, that it is not only necessary that there should not be any next of kin resident in the state, but also that there should be some assets or effects physically present within the territory of the county of Kings, at the time the application for administration is made, in order to confer jurisdiction upon the surrogate’s court to grant letters of administration to the public administrator.
I do not agree with counsel in this contention.
There are two different sets of circumstances under which the surrogate of a county has either exclusive jurisdiction, or jurisdiction co-ordinate with the surrogate’s courts of other counties, until such time as letters have been actually granted and issued by some one surrogate’s court within the state.
In the first place, whenever an intestate was, at the time of his decease, a resident of the state of New York, it is the surrogate of the county in which such intestate-resided at the time of his decease who has exclusive jurisdiction to grant letters of administration, without reference to the location of assets within the state; and in such case the rule of law is elementary that the location of all assets within the state, of every character and description, for the purposes of administration, is in the county in which the intestate resided at the time of his decease.
In the second place, wherever a person dies intestate, who is a non-resident of the state, but leaving assets within the state, then it is the location of assets within the state which determines the jurisdiction of the surrogate’s court to grant ancillary letters of administration; and the surrogate’s court which first grants letters of administration is the one which acquires jurisdiction for the entire state.
It seems to me entirely clear that the provision in the public administrator’s act, providing that the person dying must leave assets or effects in the county of Kings in order to confer jurisdiction upon this court to grant letters of ad *179 ministration to the public administrator, relates exclusively to the case in which such deceased person is a non-resident of the state.
If the deceased person, upon whose estate administration is applied for, is a resident of the state, then the location of his personal assets of all-kinds within the state is the county in which such person resided at the time of his decease.
Letters of administration will be granted to the public administrator.